THE GARBER LAW FIRM
ALAN S. GARBER (SBN 098076)
19201 Sonoma Highway
Sonoma, California 95476
Telephone: 415.690.8997
asg@garberlaw.com

Attorneys for Defendant

UNITED STATES DISTRICT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHU, an individual, on behalf of himself, and on behalf of all persons similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>VERO TECHNICAL SUPPORT, INC, a Florida corporation, and DOES 1-50, inclusive<br><br>Defendants. | Case No.<br><br>(Alameda County Superior Court Case No. 23CV030034)<br><br>**DEFENDANT VERO TECHNICAL SUPPORT, INC's NOTICE OF REMOVAL**<br><br>Trial Date:      None Set<br>Complaint Filed: November 28, 2022 |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND CLERK OF COURT:

PLEASE TAKE NOTICE that Defendant VERO TECHNICAL SUPPORT, INC hereby removes the above-captioned action, Case No. 23CV030034, from the Superior Court of the State of California, County of Alameda to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**A.   JURISDICTION**

1. Diversity of citizenship: The U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this case may be removed pursuant to 28 U.S.C. § 1441, because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

2. Federal Question: The U.S. District Court has original jurisdiction over this matter, and this case may be removed pursuant to 28 U.S.C. § 1441, because it is a civil action in which questions of federal law are presented in the Complaint since the action is preempted by federal law and federal questions are presented.

**B.    GENERAL INFORMATION**

3. On March 27, 2023, Plaintiff RICHARD CHU filed a Complaint in the Alameda County Superior Court naming VERO TECHNICAL SUPPORT, INC., a Florida Corporation; and DOES 1 to 50, inclusive as Defendants (the "Complaint") in Case No. 23CV030034.

4. Vero Technical Support, Inc. was served with the Complaint and summons on April 3, 2023.

5. This Notice of Removal is timely in that it is filed within five court days after thirty days of April 3, 2023. See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (thirty day removal period runs for all defendants from the date served with the original complaint); see also *Medrano v. Genco Supply Chain Solutions* (E.D. Cal. 2011) 2011 WL 92016.

**C.    DIVERSITY OF CITIZENSHIP**

6. Plaintiff is and was at the time he filed his Complaint a citizen of the State of California.

7. Vero Technical Support, Inc. is now, and was at the time of the filing of the Complaint, an "S" corporation organized under the laws of the State of Florida, with its principal place of business in Florida. (See Declaration of George Sigler ("Sigler Dec.") attached hereto as Exhibit C, ¶ 2.)

8. The defendants designated as DOES 1 to 50 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441 (a). *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

### D. AMOUNT IN CONTROVERSY

9. In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

10. The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 1994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

11. Plaintiff asserts nine causes of action, as an individual on behalf of himself and on behalf of all persons similarly situated and seeks to recover all of the following: economic damages for lost wages and benefits, penalties for alleged missed meal breaks and rest periods, restitution, and attorneys' fees and costs. Plaintiff has been employed by Vero Technical Support since June 2022 and continues to be employed.  ("Sigler Dec. attached hereto as Exhibit C, ¶3) Chu is a full-time employee, working 40 hours per week, at an hourly wage rate of $39.92. ("Sigler Dec. ¶3).Other potential members of the class proposed by Plaintiff earn an average or $38.60. The Supervisors employed by Vero earn $42.83. He is also asserting claims for penalties pursuant to the California Labor Code in the amount of $50 for the first payroll period he claims he allegedly did not get a proper wage statement and $100 for each subsequent payroll period, for all 58 employees of Vero in California. (Sigler Dec. ¶4) Therefore, by alleging all of these alleged violations, Plaintiff has put in controversy an amount exceeding $75,000. (Just for the 26 full time employees, the potential amount in controversy is $243,911.20 -- $39.92 per day penalty x 5 days per week = $199.60 per day x 47 weeks since Vero employed employees in California=$9381.20 per employee x 26 full time employee = $243,911.20 total claimed just for the meal break violation.) there are also claims for violations of pay stub requirements in California which total more than $75,000. (Sigler Dec. ¶5)

12. The Court therefore has original jurisdiction of this action under 28 U.S.C.A. §1332 and, because defendants are not citizens or residents of the State of California, wherein this action is pending, removal or the action to this court is proper under 28 U.S.C.A. §1441(a).

**E.  FEDERAL QUESTION**

13. The Complaint presents facts and issues that are preempted by federal statutes, including but not limited to, the Federal Aviation Administration Act, 49 U.S.C. app 1301, *et seq*. and section 301 of the Labor-Management Relations Act, 29 USC section 185.

**F.  NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT**

14. As required by 28 U.S.C. § 1446(d) and affirmed in the attached Proof of Service, Defendant is providing a copy of this Notice of Removal to Plaintiff.

15. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of the State of California in and for the County of Alameda.

**G.  DOCUMENTS RECEIVED BY DEFENDANT**

16. Copies of the Complaint and summons and all other documents received by Defendant in the Superior Court are attached hereto as Exhibit A.

**H.  DEFENDANT'S ANSWER FILED IN STATE COURT**

17. On May 3, 2023, before filing this Notice of Removal, Defendant filed an Answer in the Superior Court. A copy of Defendant's Answer is attached hereto as Exhibit B.

Dated: May 5, 2023                                                                THE GARBER LAW FIRM

_____
ALAN S. GARBER
Attorneys for Defendant
VERO TECHNICAL SUPPORT, INC.